UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 25-24768-CIV-MORENO**

MARK ANTHONY HAUGHTON,
all others similarly situated under 29 U.S.C. §
216(B),

           Plaintiff,

v.

A.C. SCHULTES OF FLORIDA, INC.,

           Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND ORDER DENYING ALL PENDING MOTIONS AS MOOT

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment. This Fair Labor Standards Act collective action was commenced by Mark Anthony Haughton. After becoming unresponsive, Plaintiffs' counsel added Emiliano Torres and Liuvan Hernandez as opt-in plaintiffs and substituted Mr. Torres as the representative plaintiff. Defendant filed the underlying Motion for Summary Judgment, arguing that no viable claim remains before the Court as both Mr. Torres and Mr. Hernandez are time barred as a matter of law. The Court holds that the claims asserted by the only remaining Plaintiffs are untimely and that no Plaintiff has a viable claim to represent and prosecute this collective action. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

### I.    FACTUAL BACKGROUND

Defendant A.C. Schultes of Florida is an enterprise engaged in deep-water construction work and is a covered "employer" as defined by Section 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendant employs crane operators, engineers in training, well drillers, and pump

installers. Mr. Haughton was employed by Defendant as a well driller from February 2018 thought May 2024. As part of his job, Mr. Haughton was required to first report to Defendant's location to collect tools, a company vehicle, and/or instructions before traveling to the jobsite. He was also required to return the company vehicle and any tools to Defendant's location prior to returning home after his workday.

## II.   PROCEDURAL HISTORY

Mr. Haughton filed the underlying suit on October 16, 2025, alleging violations of the Fair Labor Standards Act. Specifically, Mr. Haughton claimed that he worked approximately twenty-five hours of overtime a week and was not properly compensated for the additional hours spent commuting in employer vehicles from Defendant's location to the jobsite and back. Shortly after commencing the action, Mr. Haughton became unresponsive and could not be located despite repeated efforts by his counsel to contact him by telephone, email, and written correspondence. Accordingly, Plaintiffs moved to add Emiliano Torres and Liuvan Hernandez as opt-in plaintiffs and to substitute Mr. Torres as the representative Plaintiff. (D.E.30). The Court granted the Motion. (D.E. 32).

The record reflects that Defendant gave Plaintiffs notice that Mr. Hernandez's and Mr. Torres' claims were time barred on April 17, 2026. (D.E. 36-1). Plaintiffs moved forward with the case, and Defendant filed the underlying Motion for Summary Judgment (D.E. 33) on April 30, 2026. Plaintiffs failed to respond to the motion, and as of the date of this Order, no response has been filed. Instead, Plaintiffs filed a Motion for Voluntary Dismissal Without Prejudice (D.E. 35), explaining that Plaintiffs wished to voluntarily dismiss this action because the applicable limitations period expired before Mr. Torres and Mr. Hernandez filed their consents to join. The Court denied that Motion, finding that voluntary dismissal was inappropriate as Defendant had expended considerable time and incurred substantial expenses in defending the case. (D.E. 37).

## III.   LEGAL STANDARD

"Summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to judgment as a matter of law.'" *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010) (quoting Fed. R. Civ. P. 56(a)). Thus, the basic issue before the Court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the Court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

Local Rule 56.1(a)(1) provides that "[a] motion for summary judgment and the opposition to it shall each be accompanied by a separate . . . Statement of Material Facts . . ." which "shall list the material facts that the movant contends are genuinely not disputed." S.D. Fla. L.R. 56.1(a)(1). Pursuant to Local Rule 56.1(c), where the non-movant files to file a Statement of Material Facts in Opposition, "[all] material facts in [the moving] party's Statement of Material Facts may be deemed admitted." S.D. Fla. L.R. 56.1(c).

When considering an unopposed motion for summary judgment, however, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). "Although the statements contained in [the movant's] Statement of Material Facts are deemed admitted, [the] court must still review the movant's citations to the record to determine if there is, indeed, no genuine dispute of material fact." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1303 (11th Cir. 2009)

(citing *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008)). "Even in an unopposed motion, the moving party still bears the burden of identifying 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In other words, the movant must still show that it is entitled to judgment as a matter of law based on factual assertions supported by the record. *See Reese*, 527 F.3d at 1268–69.

## IV.    DISCUSSION

As Plaintiffs failed to respond to Defendant's Statement of Material Facts, the Court deems those facts as true. *See* S.D. Fla. L.R. 56.1(c). Moreover, Defendant has supported its Statement of Material Facts with record evidence. As explained below, the Court finds that Defendant has shown it is entitled to judgment as a matter of law.

Defendant argues that it is entitled to summary judgment because the applicable statute of limitations bars Plaintiffs' claims. Under 29 U.S.C. § 255(a), Fair Labor Standards Act claims generally must be brought "within two years after the cause of action accrued." The limitation extends to three years after the cause of action accrued if a defendant was "willful" in its violations of the Act. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988). A willful violation occurs when the evidence demonstrates that "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Id.* at 133. For purposes of the limitations period, a Fair Labor Standards Act claim accrues with every deficient paycheck the employer issues. *Knight v. Columbus*, 19 F.3d 579, 581 (11th Cir. 1994).

"Participants in a § 216(b) collective action must affirmatively opt into the suit." *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1258 (11th Cir. 2008). "[O]pt-in plaintiffs are deemed to commence their civil action only when they file their written consent to opt into the class action."

*See Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996). Accordingly, an opt-in plaintiff "must file his written consent to opt into the class action prior to the expiration of the statute of limitations on his [Fair Labor Standards Act] claim." *Id.* at 1107.

The Court finds that Mr. Torres' and Mr. Hernandez's claims are time barred under both the two- and three-year limitations period described above. Mr. Torres and Mr. Hernandez commenced their civil action on February 20, 2026, when they filed their written consent to join this action. (D.E. 28). Thus, using the more generous three-year limitation period, any Fair Labor Standards Act claim that accrued prior to February 20, 2023, is time barred.

The undisputed evidence demonstrates that neither Mr. Torres nor Mr. Hernandez was employed by Defendant, nor did either receive paychecks from Defendant, on or after February 20, 2023. Mr. Torres last worked for Defendant on October 2, 2020, and received his final paycheck from Defendant on October 9, 2020. (D.E. 34-1 ¶¶ 5–6; D.E. 34-2; D.E. 34-3 at p. 6). Mr. Hernandez last worked for Defendant on June 8, 2022, and received his final paycheck from Defendant on June 17, 2022. (D.E. 34-1 ¶¶ 8–9; D.E. 34-4; D.E. 34-6 at p. 4). Thus, Mr. Torres waited more than five years to join this action after receiving his final paycheck and Mr. Hernandez waited more than three years to join this action after receiving his final paycheck. Accordingly, the Court finds that Mr. Torres and Mr. Hernandez failed to timely commence their claims, and as such, their claims are time-barred. Defendant is entitled to judgment as a matter of law on the claims asserted by Mr. Torres and Mr. Hernandez. Indeed, Plaintiffs acknowledged as such in the Motion for Voluntary Dismissal. (D.E. 35 ¶ 2) ("Following review of the Motion, the underlying employment records, and further investigation by counsel, Plaintiffs have concluded that the claims of these opt-in plaintiffs cannot be maintained because the applicable limitations period expired before their consents to join were filed.").

The only Plaintiff to timely commence this action is Mr. Haughton. However, as discussed above, Mr. Haughton has abandoned his claim, and the remaining Plaintiffs do not have a viable claim against Defendant. Plaintiffs acknowledge the same in the Motion for Voluntary Dismissal. (D.E. 35 ¶¶ 5–8). The Court therefore finds that Defendant has met its burden of showing that it is entitled to judgment as a matter of law based on the above discussed factual assertions supported by the record.

## V.  CONCLUSION

For the reasons stated above, it is

**ADJUDGED** that Defendant's Motion for Summary Judgment is **GRANTED**. It is further

**ADJUDGED** that all pending motions are **DENIED AS MOOT**. The Clerk is directed to close the case.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of June, 2026.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record